## GLEIM vs. STEAMBOAT BELMONT.

A barge may be necessary to a boat, and as such, its hire to the boat will be regarded as a material furnished for the equipment of the boat.

## ERROR to St. Louis Court of Common Pleas.

Fisher, *for Plaintiff in error, insists :*

1. That plaintiff's claim is a lien under the statute. Rev. Stat. of 1845, ch. 20, second division of the 1st section.

The use of a barge is a necessary supply and equipment of a steamboat, in low water. If the complaint had alleged indebtedness on account of supplies furnished for the use of the boat, there could be no doubt that the complaint is good. Though the word "supply" is not used, yet a furnishing and equiping is alleged, which is sufficient to bring plaintiff within the statute. Steamboat Gen. Brady vs. Buckley & Randolph, 6 Mo. R., 561. It is not necessary to use the words of the statute. If the words employed show that the claim is for a supply to the boat, it is sufficient. Steamboat Reveille vs Case, 9 Mo. R., 505.

2. The question of fact whether a barge is a supply, material, or equipment, for a boat, should be left to a jury. In certain trades and certain stages of the water, one or more barges are absolutely necessary to enable steamboats to perform their trips. A jury can only determine whether the plaintiff, under the evidence, had sufficiently proved these facts to enable him to recover.— Annis vs. Steamboat Louisa, 9 Mo. R. 632.

3. A complaint is not required to be drawn with the same technical accuracy as a declaration at common law. Perp. Ins. Co. vs. Steamboat Detroit, 6 Mo. R., 377.

4. In the case of the Louisa, above, 9 Mo. R., 629, the Supreme Court held that a barge may become so far an appurtenance of a boat that, for work done on the barge, the boat will be liable under the statute. In such event, the barge certainly becomes an equipment of the boat; and if an equipment, the furnishing of it comes within the very letter of the statute.

RANNELLS, *for Defendant in error.*

SCOTT, J., *delivered the opinion of the Court.*

This was an action against the steamboat Belmont for the hire of a barge, which barge was hired to the said boat for her fitting out and equipment. There was a demurrer to the statement, which was sustained, and the only question in the case is, whether the hire of the barge is a material furnished in the equipment of a boat under the second subdivision of the first section of the act concerning boats and vessels. An object of the statute was to procure a credit for boats for all things necessary to keep them in employment. This Court has held that, under some circumstances, a lighter may be considered as a part of a boat.— If a barge becomes necessary in navigating a boat, and one is hired for that purpose, there is no reason why it should not be considered as a material furnished for her equipment. It is certainly within the reason of the law, and being within the reason, the words of the statute, we think, are sufficiently comprehensive to embrace it.

The other Judges concurring, the judgment will be reversed and the cause remanded.