Judge Birch
delivered the opinion of the court.
This was an action commenced in the St. Louis court of common pleas," under the statute concerning boats and vessels, to recover the value of certain articles of upholstery furnished to the steamer. It was. admitted on the trial that the articles charged in plaintiff’s bill of particulars (filed with his complaint) were furnished and delivered by him for the use of' the boat, at the dates respectively stated in the bill, to-wit: a part on the 14th and the remainder on the 22d of December, 1847. That the prices charged were reasonable,, and that the articles were furnished at the request of the captain and o'wners. It was further proven, that when the contract was made, it was to the effect that the plaintiff should furnish all such articles of upholstery as might be needed for the boat, to be paid for on her return from New Orleans, and that the last articles ordered were furnished on the eve of the boat’s departure for that port. The suit was commenced on the 22d day of June, 1848, and the court below having given judgment for the whole amount, of the plaintiff’s bill, the cause is here by appeal.
*479 Upon the point first raised, both reason and authority sufficiently concur in fixing the point of time at which the lien should be held to attach. Unless commencing coincident with the delivery of the first stores, cases might occur in which the fraudulent removal or incumbrance of the boat, during the subsequent portion even of a day, would defeat the object of the statute, and we can perceive no injustice in so construing it as to guard against such contingencies. Whilst, therefore, for the reasons intimated, a lien, in cases like the present, should be held (at least contingently) to incept or attach, at the time when the first goods are delivered on board the vessel, the rule adopted by this court in the case of Stine vs. Austin, 9 Mo. 558, which was a suit under the mechanics lien law, is deemed not only applicable to the account, but most reasonable in reference to the limitation of the action.
Being governed, then, by the least item in the account, and that item having been furnished on the 22d day of December, the remaining question is, whether a suit instituted on the 22d day of June following was within the statutory limitation of six months ? This, of course, depends upon the settlement of the question, whether in the compulation of this period the day of delivery should he included or excluded. And upon this point the authorities are somewhat contradictory. We incline to the opinion, however, that they preponderate, as they should, in favor of excluding the first day, or rather as regarding it as an “indivisible period of time,” covered by the delivery of the goods, when thereby a right can be asserted or a forfeiture prevented. In analogy to these decisions, therefore, the judgment of the court of common pleas is affirmed.