CARSON & BROOKES, Appellants, *vs.* STEAMBOAT DANIEL HILLMAN, Respondent.

1. On an open running account against a boat, the lien continues for six months from the date of the last item.

*Appeal from St. Louis Court of Common Pleas.*

On the 11th day of July, 1851, Elbridge G. Clark, one of the constables of St. Louis township, levied on the steamboat Daniel Hillman, in his township, under warrants from a justice of the peace, on lien claims under the statute. The boat not being bonded out in five days, the constable, on the 17th day of July, 1851, made a statement of the fact to the St. Louis Court of Common Pleas, and on that day an order was made by the Court, directing the constable to sell said boat, and on the 7th day of August, 1851, the same was sold by the constable, under said order, and the constable's return on the order of sale, was filed in the Court of Common Pleas on the 19th day of September, 1851, on which day, the Court of Common Pleas ordered the publication of a notice to creditors, to appear and present their claims for allowance on the 1st day of November, 1851. This order was duly published. On the 1st day of November, the plaintiffs filed their account for $180, 59. This account commenced on February 6th, 1851, and terminated on the 28th of June, 1851. Plaintiffs proved the sale and delivery to the boat, at the request of the authorized officers thereof, of all the items in their account, at the dates in said account mentioned, and that the prices charged therefor, were reasonable, and that the goods thus furnished were such as were usual and necessary for the boat. Plaintiffs asked the following instructions :

1. The plaintiffs ask the court to declare the law to be, that on an open and running account, like that presented by plaintiffs, proof of the last items of the account being in six months, will bring the whole account within the time, and preserve the lien of the first items of the said open and running account.

2. The plaintiffs ask the court to declare the law to be, that plaintiffs are entitled to recover all such items in their account, as they prove they furnished to the boat in the state of Missouri, at the request, and on account of any authorized agent of the boat, within six months before the boat was first seized, on the claims for which said boat has been sold, by order of this court.

These instructions the court refused, and plaintiffs excepted at the time. The court refused to allow to plaintiffs all that portion of their claim not furnished within six months before the day of filing the account; to which action of the court, the plaintiffs then and there excepted, and moved for a new trial, which motion was overruled by the court, and plaintiffs excepted, filed their bill of exceptions, and bring the case to this court, by appeal.

*Rankin & Gray*, for appellants, contended, that the account filed by them, should all have been allowed by the court below. It was an open running account, and the last items, being in time, drew the whole account within the time. Till the last items were furnished, there was no cause of action on the whole account. 9 Mo. Rep. p. 558. 12 Mo. 477.

GAMBLE, Judge, delivered the opinion of the court.

1. The only question which is presented for our consideration in this case, is, whether a lien upon a steamboat, arising upon an open running account, continues, for the purpose of being enforced by action against the boat, for the period of six months from the date of the last item. In the case of *Austin* v. *Stine*, 9 Mo. Rep. 558, it was held that the lien, under the act giving liens to mechanics and others upon buildings, might be filed within six months from the time the last item of lumber

mentioned in a running account was furnished, and that the demand accrued from the date of that last item.   In the case of *Beehler* v. *Steamboat Mary Blane*, 12 Mo. Rep. 477, the same construction was given to the act concerning boats and vessels.   In the present case, the running account of the claimants, Carson, Brookes & Co., shows several of the last items to be within the time of six months, before the claim was presented for allowance, and under the previous decisions of this court, the whole account proved by the claimant should have been allowed.   The judgment is, with the concurrence of the other Judges, reversed and the cause remanded.