# THE IDA MEYER.[1]

## TAYLOR v. THE IDA MEYER.

*(District Court, E. D. New York. May 19, 1887.)*

SEAMAN'S WAGES—CANAL BOATMAN—LIEN—STEAM-BOAT.

Libelant was employed to work on claimant's canal-boats. These canal-boats were propelled by claimant's steam-boat, and libelant did some slight work on her. This action was brought against the steam-boat to recover for services rendered generally by the libelant. *Held,* that the relation between the canal-boats and the steam-boat was not such as to make the canal-boats a part of the steam-boat, and to charge the steam-boat with a lien for labor performed on the canal-boats.

In Admiralty
*A. B. Stewart,* for libelant.
*Hyland & Zabriskie,* for claimants.

BENEDICT, J. This is an action to enforce a lien for wages against the steam canal-boat Ida Meyer. The evidence shows that the claimant owned the steam canal-boat Ida Meyer, and also two canal-boats. The canal-boats were employed by the claimant in the freight business, and, when on the Erie canal, they were towed by the steam-boat, instead of being towed by horses. The libelant was employed to work for the claimant as a hand on the canal-boats. When the engagement was made, no reference was made to the Ida Meyer, nor did the libelant engage to perform any duty on board the Ida Meyer. The substantial parts of the service sued for were performed on board the canal-boats, although there is evidence that the libelant did for a short time steer the steam-boat. The services performed on board the steam-boat were, however, too insignificant to demand notice here. The decision of the case depends on the question whether the relation between the canal-boats and the steam-boat was such as to make the canal-boats a part of the steam-boat, so as to charge the steam-boat with a lien for labor performed on the canal-boats. This position the libelant is forced to take because of the provision in section 4251 of the Revised Statutes, where it is enacted that "no canal-boat, registered or licensed, which is required to be registered and licensed, or enrolled and licensed, shall be subject to be libeled in any of the United States courts for the wages of any person who may be employed on board thereof in navigating the same." In support of this position, reference is made to the following authorities: *Amis* v. *The Louisa,* 9 Mo. 629; *Gliem* v. *The Belmont,* 11 Mo. 112; *The Kentucky* v. *Brooks,* 1 G. Greene, 398; *The Dick Keys,* 1 Biss. 408; and *The Sydney,* 27 Fed. Rep. 119.

I find in none of these cases authority that will justify me in deciding that the steam-boat proceeded against is subject to lien for the wages of

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

the libelant, earned by services rendered on board the canal-boats, in pursuance of an employment to work on such boats. And on principle it seems to me that such a decision cannot be made. The canal-boats which, when on the canal, were towed by the Ida Meyer, were not appurtenant to the steam-boat in any just sense. The steam-boat was rather appurtenant to the canal-boats; and it seems to me easier to say that the canal-boats were navigated by the hands of the steam-boat, than to say that the hands of the canal-boat navigated the steam-boat.

The libel is dismissed, and with costs.