## THE GASTON.

District Court, D. Massachusetts. March 16, 1928.

No. 3555.

Collision ⊝133—Owner of seine boat, part of fishing outfit, sunk in collision, held entitled to recover as damages cost of its replacement.

Where, as result of collision for which respondent vessel was held in fault, a seine boat, fastened alongside a fishing vessel was sunk and a seine therein damaged, both vessels and net being property of libelant and used together as a fishing outfit, the three may properly be treated as a unit, and, in computing the damage to his business, which libelant is entitled to recover, the loss from sinking of the seine boat is measured by the cost of its replacement.

In Admiralty. Suit by Salvatore Ferlito against the steam vessel Gaston. On report of assessor finding damages recoverable by libelant for collision. Report confirmed.

Sylvester M. Whalen, of Boston, Mass., for libelant.

Blodgett, Jones, Burnham & Bingham, Swain, Carpenter & Nay, and Frank H. Harding, Jr., all of Boston, Mass., for claimant.

BREWSTER, Circuit Judge. A collision between the steamship Gaston and a seine boat which was fastened alongside the Princess, a fishing vessel, resulted in a total loss of the seine boat and a partial loss of the seine.

The liability having been fixed, the libel was referred to an assessor for an assessment of damages. He finds that the seine boat and seine were employed in conjunction with the Princess in the business of fishing for mackerel, and that the fishing vessel and the seine boat and seine were all owned by the libelant. He finds that the cost of repairing the seine was $588.26, and that the libelant was entitled to recover for detention $690.57, and that it would cost $1,343 to replace the seine boat and equipment.

The libelant moves for confirmation of the assessor's report. The claimant objects, contending that the assessor should have found that the libelant sustained a total loss of the seine boat and that the measure of damages would be the value of the boat and her equipment at the time of the loss. The assessor found that the seine boat was a total loss, but, in the view which he took of the case, he did not find it necessary to determine what the value of the seine boat was just prior to the collision, and in the course of his report states: "In the present case it seems to me that the whole outfit, including the Princess, the seine boat, and the equipment should be treated as a unit. In other words, the case is not one of total loss of a seine boat, but rather of damage to libelant's mackerel seining outfit. * * * It follows that the libelant is entitled to recover what it would have cost to procure a new seine boat; namely, $1,343."

The correctness of this statement of the assessor is challenged by the claimant. In support of its contention the claimant cites The Columbus (C. C. A.) 67 F. 553, Forrest v. Vanderbilt (C. C. A.) 107 F. 734, 52 L. R. A. 473, and The Ida Meyer (D. C.) 31 F. 89. In The Columbus, supra, the libelant undertook to recover against a dredge towage services rendered to one of a number of scows which with the dredge constituted a dredging plant. It is to be noticed that Judge Dallas distinguishes the case from Hoskins v. Pickersgill, 3 Doug. 222, where a whaling boat of a whaling ship was regarded as part of the craft to which it belonged, and from The Merrimac (D. C.) 29 F. 157, where the boat towed astern a fishing schooner was likewise regarded a part of the vessel. In the latter case, arising in this district, it was said obiter that, if the boat belonged to the owner of the vessel, it would be regarded as appurtenant to it. The other cases cited by the claimant are distinguishable on the facts.

On the authority of the Mary Steele, 2 Lowell, 370, Fed. Cas. No. 9226, the libelant would be entitled to damages for detention resulting from the injuries to the seine. In The Columbia, 9 Ben. 254, Fed. Cas. No. 3035, there was a total loss of both seine and seine boat. The report of that case does not show anything more than that the libelant was entitled to recover for loss sustained as a result of delay. But in a later case (The Menominee [D. C.] 125 F. 530), Judge Thomas, in referring to The Columbia, supra, states that the commissioner found damages for the loss of the net and the boat that were lost and also for the delay.

These cases make it plain that the libelant is entitled to recover for the lost boat, the damaged seine, and for the resultant loss of earnings. There is left, however, the somewhat narrow question whether the assessor, in determining the amount recoverable for the loss of the seine boat adopted the correct rule of damages.

If the finding that the Princess and the seine boat and equipment should be treated as a unit is justified, the rule applied by the assessor in awarding the cost of replac-

ing' the boat would be the proper rule to apply. It is only on the theory that the seine boat is a separate and distinct vessel that the rule invoked by the claimant could be applied.

It seems to me that the principles underlying all of the cases which have permitted a recovery for loss of 'earnings resulting from injury to seines' and seine boats involve the idea that the vessel, the boat, and nets all constitute a single outfit employed in the business of fishing.

The findings of the assessor that in the present case the Princess, the seine boat, and the equipment should be treated as a unit, and that the cost of procuring a new seine boat is properly a part of the cost of repairing the outfit are, in my opinion, correct.

Libelant's motion to confirm the assessor's report is allowed.