### THE MERRIMAC.[1]

*(District Court, D. Massachusetts. November 20, 1886.)*

MARITIME LIENS — SEIZURE OF SEINE-BOAT AS APPURTENANT TO MACKEREL SCHOONER — USAGE — OBLIGATION TO TAKE NOTICE OF.

  The seine-boat which always accompanies schooners engaged in the mackerel trade sometimes belongs to the owners of the vessel, but quite as frequently to others. In the latter event, it is sometimes hired by the crew or owners, from outside parties, for the season or trip. It draws a regular share in the catch, which goes to whomsoever furnishes it. When the boat and the vessel have a common ownership, the former, by usage, passes to the buyer of the latter, though it be not mentioned in the bill of sale. But it is only in the event of common ownership that the former is regarded as appurtenant to the latter. *Held* that, if the common ownership be divested by a sale, the subsequent hiring of the boat by the seller cannot serve to make the boat a part of the vessel, and liable to an attachment for the vessel's debts; that the new relation was in accordance with a usage of which the parties furnishing supplies were bound to take notice.

In Admiralty. Action *in rem*. Seizure of seine-boat of mackerel schooner at the instance of material-men, the furnishers of supplies to the schooner.

Libels by T. L. Mayo & Co. and James P. Nye for repairs and supplies furnished the mackerel schooner Merrimac. A large seine-

---

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

boat, 37 feet long and 7½ feet wide, was seized by the marshal as belonging to the schooner. Noah Mayo appeared by petition as claimant of the seine-boat, alleging that it was not appurtenant to the schooner, and not subject to the lien of the libelants. The only question in the case was whether the seine-boat was appurtenant to the schooner.

*J. C. Dodge & Sons*, for intervenors.

*Frederick Cunningham*, for libelants.

*Noah Mayo*, for seine-boat.

NELSON, J. This case was heard on the petition of Noah Mayo for the release from arrestment of a seine-boat seized by the marshal on a warrant of arrest, in a suit by material-men against the mackerel schooner Merrimac, her tackle, apparel, and furniture. The libelants claim to hold the boat under the seizure as appurtenant to the vessel, and as subject to their lien for the supplies furnished. A seine-boat, such as the one in question, always accompanies a vessel when engaged in the mackerel fishery, and is indispensable for the prosecution of the business. As it is too large to be hoisted and carried on deck, it is usually towed astern of the vessel in proceeding to and from the fishing grounds, and is there used in carrying out and setting the seine. It sometimes belongs to the owner of the vessel, but is quite as frequently owned by the crew, or is hired for the season or trip from outside parties. It draws a regular share in the catch,—usually a sixth or seventh after the great general bill,—and this share goes to the parties furnishing the boat. If the boat belongs to the owner, it is considered as attached to the vessel, and passes by usage in a sale of the vessel, though not mentioned in the bill of sale. But it is regarded as appurtenant to the vessel only when it belongs to the owner of the vessel, and is used in connection with it in the manner stated.

Such being the usage proved as to boats of this class, the libelants' lien never could have attached to this boat. When the supplies were furnished, the boat had become the property of the petitioner Mayo. It had previously belonged to the owner of the vessel, but had been purchased from him by Mayo. By the sale it was separated from the vessel, and was no longer attached or appurtenant to it. Its subsequent use by the vessel, in prosecuting its business, was under a contract of hiring, by which Mayo was to be paid for its service. This did not have the effect to annex it again,—to make it a part of the vessel. The libelants were bound by the usage to take notice of this new relation, and can therefore have no lien on the boat for the supplies. Petition allowed.