Michael **KESSELRING**, et al., Plaintiffs,

and

Aizawa Gyogyo, K.K., Intervenor–Appellant,

v.

F/T **ARCTIC HERO**, et al., Defendants–Appellees.

No. 93–35165.

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 1994 *.

Decided July 22, 1994.

---

* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Kneeland Taylor, Taylor & Hanlon, Anchorage, AK, for appellant.

Dexter A. Washburn and Jeffrey L. Jernegan, Mikkelborg, Broz, Wells & Fryer, Seattle, WA.

William M. Wuestenfeld, Sandberg, Smith, Wuestenfeld & Corey, Anchorage, AK, for appellees.

Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an admiralty action brought by crewmen seeking unpaid wages for work they performed on three fishing vessels. The vessels have been arrested and sold, and this litigation concerns the disposition of the proceeds.

The intervenor-appellant, Aizawa K. Gyogyo (Aizawa), is a Japanese corporation that has been assigned the ownership interest in equipment that was on board the vessels when they were sold. This equipment was leased by the owners of the vessels and includes fishing nets, radar devices and other equipment necessary for the operation of the vessels as fishing vessels. Aizawa challenges an order by the district court granting partial summary judgment to a small group of representative plaintiffs on their unpaid wages claims. The court held that the plaintiffs held priority wage liens on the vessels and on the equipment owned by Aizawa. Aizawa appeals, contending that the district court applied the wrong test in determining that the crewmen's wage liens attached to the equipment.

As a preliminary matter, the parties have skirmished over a jurisdictional issue. One group of appellees, who are crewmen-plaintiffs, has moved to dismiss this appeal, maintaining that the district court order is not appealable as a final order under 28 U.S.C. § 1291 because the district court has yet to determine the rights of all claimants to the proceeds. The court delayed entry of final judgment until the rights of all of the claimants were adjudicated.

We have interlocutory jurisdiction, however, under 28 U.S.C. § 1292(a)(3). This statute creates an exception to the final judgment rule for orders determining the rights and liabilities of the parties to admiralty cases. *Seattle–First National Bank v. Bluewater Partnership*, 772 F.2d 565, 568 (9th Cir.1985). It is undisputed that the proceeds from the sale of the vessels are insufficient to satisfy all claims. Accordingly, the district court's determination that the crewmen held preferred wage liens on the equipment owned by Aizawa eliminates any possibility of recovery by Aizawa, and thus, as a practical matter, determines Aizawa's rights. *See Kingstate Oil v. M/V GREEN STAR*, 815 F.2d 918, 922 (3d Cir.1987).

The appellees further contend that Aizawa does not have standing to pursue this appeal because Aizawa failed to file a timely claim of ownership pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. A district court has discretion to extend the time permitted for the filing of a Rule C(6) claim. *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435 (9th Cir.1985). The appellees do not argue that the district court abused its discretion. Instead, they contend that the court never granted Aizawa an extension. The Magistrate Judge, however, in an order approved by the district court, considered the merits of Aizawa's claim of ownership and explicitly noted that Aizawa was asserting the interest of an owner, not just that of a "mere intervenor." The district court treated the claim as though it had granted an extension, and we therefore find it appropriate to reach the merits of Aizawa's claim.

The parties agree that once leased third-party property becomes part of a vessel, it is subject to preferred maritime wage liens. The dispute in this case is over the proper test to be applied to determine when leased property becomes part of a vessel.

The district court held that because the leased equipment belonging to Aizawa was "essential to the [navigation] and operation of the vessels," it was "appurtenant" to the vessels and was subject to preferred maritime wage liens. This test is in accord with

all reported court and scholarly authority. Erastus C. Benedict, 2 Benedict on Admiralty §§ 32–32a at 3–3 to 3–4 (7th ed. 1993) (" 'equipment installed aboard a vessel, which become an integral part of the vessel and are essential to its navigation and operation, are subject to the maritime liens upon a vessel, regardless of who the actual owner may be' ") (quoting *United States v. F/V SYLVESTER F. WHALEN*, 217 F.Supp. 916 (D.Me.1963)); *see THE SS TROPIC BREEZE*, 456 F.2d 137, 141 (1st Cir.1972); *THE KATHERINE*, 15 F.2d 387 (D.La. 1926); *THE HOPE*, 191 F. 243, 245–46 (D.Mass.1911); *THE EDWIN POST*, 11 F. 602 (D.Del.1882).

■ Aizawa contends that the district court should have employed a different test, the test used to determine whether a mortgage lien attaches to third-party property on sea-going vessels. This test provides more protection to third-party owners; a mortgage lien attaches to a third party's property only if the property cannot be removed without causing damage to the vessel. *E.g., United States v. F/V GOLDEN DAWN*, 222 F.Supp. 186 (E.D.N.Y.1963). Aizawa's argument equating wage liens with mortgage liens is contrary to established authority and faulty in theory. A crewman's lien for wages has long been considered more compelling than other kinds of liens, including mortgage liens. *See THE JOHN G. STEVENS*, 170 U.S. 113, 119, 18 S.Ct. 544, 547, 42 L.Ed. 969 (1898) ("seamen's wages ... are sacred liens, and, as long as a plank of the ship remains, the sailor is entitled, against all other persons, to the proceeds as a security for his wages"). Moreover, the seaman's wage lien attaches directly to the vessel under the legal fiction that the vessel itself is responsible for the wage payments. *TROPIC BREEZE*, 456 F.2d at 141; *cf. Dobbins's Distillery v. United States*, 96 U.S. 395, 401, 24 L.Ed. 637 (1878). In comparison, a mortgage lien secures the debts of a vessel's owner, not the debts of the ship. *F/V GOLDEN DAWN*, 222 F.Supp. at 188. Accordingly, there is no reason to extend mortgage liens to unaffixed third-party property, while there are sound reasons for extending wage liens to equipment used in operating the vessel. It is not inconsistent to provide third-party equipment owners with more protection against mortgage liens than against wage liens.

■ To be sure, the ease with which property can be removed from a vessel may be relevant to whether that property is necessary to the vessel's operation and thus subject to a crewman's wage lien. *See THE SHOWBOAT*, 47 F.2d 286, 287 (D.Mass. 1930). *Compare THE MERRIMAC*, 29 F. 157 (D.Mass.1886) *with THE HOPE*, 191 F. 243 (D.Mass.1911). But it is not dispositive. Aizawa does not challenge as clearly erroneous the district court's finding that the equipment was necessary to the vessel's operation; it argues only that the court applied the wrong test.

■ Aizawa also suggests that judicial enforcement of these crewmen's wage liens is a taking that violates the Fifth Amendment. This argument is not supported by any maritime authority or by the Fifth Amendment standards the Supreme Court has applied in other contexts. Enforcement of preferred maritime liens does not work any interference with Aizawa's "reasonable investment-backed expectations." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1005, 104 S.Ct. 2862, 2874, 81 L.Ed.2d 815 (1984); *see id.* at 1005–09, 104 S.Ct. at 2874–76. Third-party equipment has been subject to preferred maritime liens for many years. *See, e.g., THE HOPE*, 191 F. at 245–46. Accordingly, entities, like Aizawa, who propose to lease equipment to vessel owners for profit, may be presumed to know that the equipment is subject to liens. Under such circumstances, the Supreme Court has held there is no taking. *E.g., Ruckelshaus*, 467 U.S. at 1005–09, 104 S.Ct. at 2874–76 (disclosure of valuable data by EPA is not a taking where owner was aware that data was subject to disclosure and voluntarily submitted data to EPA); *see California Housing Securities, Inc. v. United States*, 959 F.2d 955, 958–60 (Fed.Cir.) (RTC's possession of savings and loan not a taking because savings and loan knew that, by applying for federal deposit insurance, it was potentially subject to occupation by RTC pursuant to federal regulations), *cert. denied,* —— U.S. ——, 113 S.Ct. 324, 121 L.Ed.2d 244 (1992).

Because the district court applied the correct legal standards, and its findings are not clearly erroneous nor materially disputed, we affirm the district court's judgment.

**AFFIRMED.**