95 F.3d 23
 1996 A.M.C. 2682, 1996 A.M.C. 2995,
96 Cal. Daily Op. Serv. 6648,
96 Daily Journal D.A.R. 10,876
 Michael KESSELRING, et al.; Geoffrey Medina; T. Blakely
Winston; Ti Folz; Thomas B. Lynch; Michael R. Foxhoven;
Adrian Espinoza; Gilberto Romero Villa; Jesus Meza-Oregon;
Roy Robinson, Plaintiffs,
and
Aizawa K. Gyogyo, Claimant-Appellant,
v.
F/T ARCTIC HERO, et al., Defendants-Appellees.
 No. 94-36124.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 7, 1996.
Decided Sept. 5, 1996.
As Amended on Denial of Rehearing and Suggestion for
Rehearing En Banc Oct. 28, 1996.
 
 Kenneth O. Jarvi, Anchorage, Alaska; David S. Teske, Seattle, Washington; John G. Young, Seattle, Washington; Ti Folz, Camano Island, Washington; Thomas B. Lynch, Stanwood, Washington, for intervenors.
 Edward O.C. Ord, Ord & Norman, San Francisco, California, for claimant-appellant.
 Jeffrey L. Jernegan, Mitchell A. Broz, Mikkelborg, Broz, Wells & Fryer, Seattle, Washington; Dexter A. Washburn, Seattle, Washington; William M. Wuestenfeld, Sandberg, Wuestenfeld and Corey, Anchorage, Alaska; Randall E. Farleigh, Steven J. Shamburek, Farleigh & Shamburek, Anchorage, Alaska; Carlton Russell, Russell & Mirkovich, Long Beach, California; Brian J. Peschel, Lundberg & Peschel, P.S., Inc., Seattle, Washington; Gabrielle LeDoux, LeDoux & LeDoux, Kodiak, Alaska, for intervenors-appellees.
 Appeal from the United States District Court for the District of Alaska, H. Russel Holland, Chief District Judge, Presiding. D.C. No. CV-90-00492-HRH.
 Before: GOODWIN, BRUNETTI and KOZINSKI, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Aizawa K. Gyogyo, a Japanese Corporation, is a third-tier claimant to proceeds from the sale of three fishing vessels: the Arctic Hero, the Northern Hero and the Alaskan Hero. These vessels were arrested and sold in order to satisfy the outstanding claims of unpaid crewmembers, tort creditors and appellant, which held an ownership interest in equipment on board the vessels. Unfortunately, the proceeds from the sale of the vessels are insufficient to satisfy all of these claims.
 
 
 2
 We have already adjudicated appellant's rights to these proceeds vis-a-vis representatives of the crewmember class in Kesselring v. F/T Arctic Hero, 30 F.3d 1123 (9th Cir.1994). Appellant had brought this first appeal pursuant to 28 U.S.C. § 1292(a)(3), which authorizes interlocutory review of district court orders "determining the rights and liabilities of parties to admiralty cases." Kesselring, 30 F.3d at 1125. We held that appellant's interest in the res was trumped by the crewmembers' wage claims and, in reaching this result, rejected appellant's contention that its equipment was not subject to "preferred maritime wage liens." Id. at 1125-26. Following our decision, the district court entered a final order granting summary judgment in favor of all remaining wage claimants. Appellant now seeks a second bite at the appellate apple. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Appellant first argues that the district court lacked jurisdiction over the crewmembers' wage claims because they were not brought within the six-month limit established by 46 U.S.C. § 10602. This argument hinges on appellant's contention that section 10602 is a jurisdictional restriction rather than a statute of limitations.
 
 
 4
 Provisions phrased as time limits on filing court actions are generally interpreted as statutes of limitations, not as jurisdictional bars. See Salgado v. Atlantic Richfield Co., 823 F.2d 1322, 1324 (9th Cir.1987). The language and history of section 10602 indicate that it is a statute of limitations. The provision circumscribes the right of seamen to recover unpaid wages, see Fuller v. Golden Age Fisheries, 14 F.3d 1405, 1407 (9th Cir.) (section 10602 preempts common-law right of fishermen to place a lien on the vessel as security for wages), cert. denied, --- U.S. ----, 114 S.Ct. 2677, 129 L.Ed.2d 812 (1994), and this right has long been guaranteed by the common law. See Putnam v. Lower, 236 F.2d 561, 569-70 (9th Cir.1956). Section 10602 is therefore a limitation on an existing right, not a grant of jurisdiction to adjudicate a new cause of action.
 
 
 5
 None of the cases cited by appellant are to the contrary. The statutes at issue in those cases either created new rights with no common-law predecessor, see, e.g., Matheny v. Porter, 158 F.2d 478, 479-80 (10th Cir.1946); Gale v. Great Southwestern Exploration, 599 F.Supp. 55, 58 (N.D.Ok.1984), or were expressly labeled "[j]urisdiction of courts." See, e.g., Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1039 (D.C.Cir.1986); Rust v. Quality Car Corral, Inc., 614 F.2d 1118, 1119 (6th Cir.1980). These cases are inapposite, because the remedy here has long been available at common law, and because section 10602 isn't labeled as a jurisdictional restriction.
 
 
 6
 Appellant next contends that even if section 10602 is only a statute of limitations, many of the crewmembers' claims were not brought within the prescribed time. Since appellant failed to raise this issue in its first appeal, it is waived. See Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 458, 55 S.Ct. 475, 477, 79 L.Ed. 989 (1935) (Congress's policy is not to allow repeated appeals in certain admiralty cases); Munoz v. County of Imperial, 667 F.2d 811, 817 (9th Cir.) ("We need not and do not consider a new contention that could have been but was not raised on the prior appeal."), cert. denied, 459 U.S. 825, 103 S.Ct. 58, 74 L.Ed.2d 62 (1982). Likewise, we need not consider appellant's contention that the crewmembers are not entitled to an award of attorney's fees.
 
 
 7
 AFFIRMED.