**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Ralph ARCHER, Defendant— Appellant.**

No. 01–16787.

D.C. Nos. CV–97–01594–HDM, (CR–92–00162–HDM).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2003.

Decided Feb. 4, 2003.

Before HUG, ALARCÓN, and GRABER, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant William Ralph Archer appeals from the district court's denial of his motion pursuant to 28 U.S.C. § 2255 to vacate the sentence he is currently serving in federal custody. We affirm.

■ Archer first argues that the Government's failure to turn over the report of a Drug Enforcement Administration interview with Paul Robinson (the "Robinson Report"), in which he admitted selling methamphetamine to Ronald A. Stevens, constituted a violation of Archer's due process rights as prescribed by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Archer asserts that if the Robinson Report had been available at trial it could have been used to establish a source other than Archer for the drugs sold by Stevens to government informant Neal McGregor. He further asserts that the ability to present evidence of another source of the drugs sold by Stevens gives rise to the "reasonable probability of a different result" at trial.

The Government presented overwhelming evidence of Archer's guilt, including extensive transcripts of the telephone calls between Archer and Stevens, in which prices and deliveries are discussed, and the calls between Stevens and customers waiting for Stevens to have drugs to sell. Testimony showing that a drug delivery was made to Stevens at Archer's request was produced at trial. Additionally, the Robinson Report made it clear that Stevens had at least one other source for drugs besides Robinson.

Archer maintains that the Robinson Report would have been supported by trial testimony from Stevens and Robinson. Archer's trial counsel's testimony at the § 2255 hearing, however, contradicted Stevens' allegation that he would have testified as a defense witness at Archer's trial. Moreover, even nine years after the trial, Robinson refused to testify at the § 2255 hearing for fear of self-incrimination. The Robinson Report, although exculpatory, does not establish "that there is a *reasonable probability* that the result of the trial would have been different if the suppressed documents had been disclosed to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the defense." *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (quotation marks omitted) (emphasis added).

 Next, Archer contends he was deprived of his Sixth Amendment right to effective representation because his trial counsel failed to call Stevens as a witness. Archer argues that both prongs of the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), are satisfied by his trial counsel's failure to call Stevens as a witness.

At the § 2255 hearing, Stevens testified that he had told Archer's trial counsel that he was willing to testify at Archer's trial that he never purchased drugs from Archer. Archer's trial counsel, however, testified that Stevens had told his investigator that he would help in Archer's defense, but would *not* testify at trial. In reviewing an appeal, we must weigh the facts in the light most favorable to the prevailing party. *Larez v. City of Los Angeles*, 946 F.2d 630, 634 (9th Cir.1991). We must assume, therefore, that the district court found Archer's trial counsel's testimony credible. Archer has not produced sufficient evidence to rebut the " 'strong presumption' " that counsel provided " 'reasonable professional assistance' " at trial nor that he was "prejudiced" by his trial counsel's performance. *Mancuso v. Olivarez*, 292 F.3d 939, 954 (9th Cir.2002) (quoting and citing *Strickland*, 466 U.S. at 687–89, 104 S.Ct. 2052).

 Finally, Archer contends that the representation of his trial counsel and his first appellate counsel was ineffective because they failed to argue that the conspiracy charge under 21 U.S.C. § 846 was a lesser included offense of the Continuing Criminal Enterprise charge under 21 U.S.C. § 848. Archer contends that "the imposition of concurrent sentences, at the original sentencing, as well as the imposition of administrative fees on all [five] Counts constituted double jeopardy violations" under *Rutledge v. United States*, 517 U.S. 292, 301–03, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996).

Archer has already litigated this issue in regard to trial counsel in his second visit to this court in *United States v. Archer*, 156 F.3d 1239 (9th Cir.1998) (unpublished table opinion). In that matter we determined that Archer forfeited this claim by not raising it in his first appeal.

Archer could have raised his claim of ineffective assistance of his first appellate counsel on his second appeal to this court. Because he failed to do so, he has forfeited that claim. *Kesselring v. F/T Arctic Hero*, 95 F.3d 23, 24 (9th Cir.1996) (per curiam).

AFFIRMED.