NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| **JULES JORDAN VIDEO, INC.,** a California corporation, et al., Plaintiffs - Appellees, v. **144942 CANADA, INC.,** a Canadian corporation d/b/a **KAYTEL VIDEO DISTRIBUTION,** et al., Defendants - Appellants | No. 11-56254 D.C. No. 2:05-cv-06771-SJO Consolidated with 8:05-cv-00517-SJO and 2:05-cv-06769-SJO MEMORANDUM[*] |

Appeal from the United States District Court
For the Central District of California
S. James Otero, District Judge, Presiding

Before:    **KOZINSKI**, Chief Judge, **W. FLETCHER,** Circuit Judge, and
**GETTLEMAN**, District Judge.[**]

Plaintiffs/Appellees' ("plaintiffs") motion for summary affirmance is

granted.  In our previous opinion, we vacated the jury verdict in favor of plaintiff

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert W. Gettleman, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Ashley Gasper on the right of publicity claim, reinstated the verdict in favor of Jules Jordan Video and Gasper on copyright infringement, and remanded to the district court for proceedings consistent with that opinion.  Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1160-61 (9th Cir. 2010).  Our prior decision and mandate were based on a complete review of all arguments raised in the initial appeal.  The only proceeding necessary on remand was the entry of judgment in favor of plaintiffs on the copyright claim.  See Firth v. United States, 554 F.2d 990, 993-94 (9th Cir. 1977).

All arguments raised by defendants in the initial appeal as to the ownership and validity of the copyrights were determined by this court to have been without merit or waived by defendants' failure to object to the special verdict form submitted to the jury.  Jules Jordan Video, 617 F.3d at 1160-61.  To the extent that defendants attempt now to raise new arguments challenging ownership and the amount of the damage awards, those matters could have and should have been raised in the initial appeal.  Because they were not, they are waived.  See Kesselring v. F/T Arctic Hero, 95 F.3d 23, 24 (9th Cir. 1996) ( "Since appellant failed to raise this issue in its first appeal, it is waived."); Munoz v. Cnty. of Imperial, 667 F.2d 811, 817 (9th Cir. 1982).

Finally, plaintiffs' request for sanctions is denied.  The time has come to put this litigation to rest.


**MOTION FOR SUMMARY AFFIRMANCE GRANTED; REQUEST FOR SANCTIONS DENIED**