

FILED

**NOT FOR PUBLICATION**

MAR 02 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS E. PEREZ, Secretary, United States Department of Labor, | No. 13-55301 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-00618-SJO-AGR |
| v. | |
| TOMCO AUTO PRODUCTS, INC., a corporation; et al., | MEMORANDUM[*] |
| Defendants, | |
| And | |
| RICHARD ALAN SCHOENFELD, an individual, | |
| Defendant - Appellant. | |

| | |
|---|---|
| In the Matter of: RICHARD ALAN SCHOENFELD, | No. 13-55308 |
| Debtor, | D.C. No. 2:12-cv-02220-SJO |
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff - Appellee,

v.

RICHARD ALAN SCHOENFELD,

Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 11, 2015
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Richard Schoenfeld appeals the district court's holding on summary judgment that his debts were nondischargeable because his actions constituted defalcation under 11 U.S.C. § 523(a)(4). We have jurisdiction under 28 U.S.C. § 1291, and review summary judgment orders de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011).

Although the district court applied the correct law at the time, during the pendency of this appeal, the United States Supreme Court decided *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754 (2013). *Bullock* clarified the requisite intent for defalcation under § 523(a)(4) and effectively abrogated Ninth Circuit law, which formerly did not require a particular state of mind. Because the district

court did not have an opportunity to assess defalcation under *Bullock*, we vacate the judgment and remand to the district court for reconsideration in the first instance. At this time, we need not reach any of the other issues Schoenfeld raised on appeal. The parties shall bear their own costs on appeal.

VACATED and REMANDED.