**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 07 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: RICHARD ALAN SCHOENFELD, <br><br> Debtor, <br> _____ <br><br> RICHARD ALAN SCHOENFELD, <br><br> Appellant, <br><br> v. <br><br> EDWARD HUGLER,[*] Acting Secretary of Labor, United States Department of Labor, <br><br> Appellee. | No. 15-56871 <br><br> D.C. No. 2:12-cv-02220-SJO <br><br><br> MEMORANDUM[**] |
| EDWARD HUGLER,[*] Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff-Appellee, <br><br> v. | No. 15-56872 <br><br> D.C. No. 2:12-cv-00618-SJO-AGR |

[*] Edward Hugler, Acting Secretary of Labor, is substituted for his predecessor, Hilda L. Solis, Secretary of Labor, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

TOMCO AUTO PRODUCTS, INC., a corporation,

> Defendant,

and

RICHARD ALAN SCHOENFELD, an individual,

> Defendant-Appellant.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 3, 2017[***]
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

In these consolidated appeals, Richard Schoenfeld appeals from the district court's judgments, on remand from this court, permanently enjoining him from serving as a fiduciary to Employee Retirement Income Security Act ("ERISA") plans. As the parties are familiar with the facts, we do not recount them here. We affirm.

---

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We previously vacated and remanded the district court's holding on summary judgment that Schoenfeld's debts were nondischargeable because his actions constituted defalcation under 11 U.S.C. § 523(a)(4) in light of intervening Supreme Court precedent. *See Perez v. TOMCO Auto Prods., Inc.*, 594 F. App'x 930 (9th Cir. 2015). On remand, Schoenfeld's debt was satisfied and the district court then reissued an injunction related to his violations of ERISA. Schoenfeld now challenges the portions of the district court's orders which permanently enjoin him from "violating the provisions of Title I of ERISA" and "serving as a fiduciary to any ERISA-covered employee benefit plan in the future."

The district court did not abuse its discretion by determining that the law of the case doctrine precluded Schoenfeld from relitigating the district court's prior ruling that Schoenfeld had breached his fiduciary duties under ERISA. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." (internal quotation marks and citation omitted)). Schoenfeld waived his opportunity to challenge the district court's ERISA ruling when he failed to contest it in his initial appeal. *See Kesselring v. F/T Arctic Hero*, 95 F.3d 23, 24 (9th Cir. 1996) (per curiam) ("Since appellant failed to raise this issue in its first appeal, it is

3

waived."). We previously vacated and remanded for the district court to reconsider the unrelated issue of whether Schoenfeld's debt was dischargeable under the Bankruptcy Code, and did not disturb the district court's order as it pertained to Schoenfeld's violations of ERISA.

In addition, contrary to Schoenfeld's contention, the satisfaction of his debt did not moot the injunctive relief designed to protect against future violations of ERISA. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1238 (9th Cir. 1999) (holding that injunctive relief is not moot based on voluntary cessation unless the defendant shows that it is "absolutely clear" his wrongful activities cannot reasonably be expected to recur); *S.E.C. v. Koracorp Indus., Inc.*, 575 F.2d 692, 698 (9th Cir. 1978) ("An inference arises from illegal past conduct that future violations may occur. The fact that illegal conduct has ceased does not foreclose injunctive relief." (citations omitted)).

We grant the Secretary of Labor's Motion to Take Judicial Notice.

**AFFIRMED**.