**NOT FOR PUBLICATION**

APR 25 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



RICK L. HAMMOND,

          Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

          Defendant-Appellee.

No.   14-35479

D.C. No. 9:13-cv-00034-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted April 7, 2017[**]
Seattle, Washington

Before:  W. FLETCHER and GOULD, Circuit Judges, and BLOCK,[**] District
Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Frederic Block, United States Senior District Judge for
the Eastern District of New York, sitting by designation.

Rick Hammond appeals a district court's summary judgment in favor of the Commissioner of the Social Security Administration (the "Commissioner") reviewing an Administrative Law Judge's ("ALJ") decision that Hammond was not disabled. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2007, an ALJ concluded that Hammond was not disabled during the relevant period. Hammond challenged that decision in federal court, asserting *inter alia* that (1) the ALJ improperly weighed the medical record and opinion evidence, (2) the ALJ erroneously rejected Hammond's assertions of pain, and (3) the delay in Hammond's proceedings implicated the "credit-as-true" doctrine as to Hammond's pain testimony and violated his rights to due process. In 2009, the district court expressly rejected these arguments, but it found that the ALJ's decision was based on inconsistent vocational expert ("VE") testimony. The district court granted summary judgment in favor of the Commissioner on all of Hammond's challenges except for the ALJ's reliance on the VE testimony, and remanded Hammond's case to the Commissioner for the "limited purpose of clarification of discrepancies in the testimony of vocational experts." Hammond did not appeal the district court's order. In 2011, an ALJ issued a decision again concluding that Hammond was not disabled. The 2011 ALJ's decision was

essentially identical to the 2007 ALJ's decision, except for the portion discussing VE testimony. Hammond now challenges the 2011 ALJ decision.

1. In the proceedings before this appeal, the district court correctly barred Hammond from re-asserting any argument that the district court had expressly rejected in its 2009 decision. Stated another way, the district court did not let Hammond relitigate issues previously decided against him. The district court relied, however, on the wrong doctrine. The district court rested its decision on the doctrine of issue preclusion, agreeing with the Commissioner's contention that Hammond's arguments were barred under *res judicata*.

Because the 2009 district court's decision did not amount to a final adjudication of the rights of the parties in this case, however, and because the district court's 2011 decision amounts to a continuation of the "same litigation," the more applicable doctrine is law of the case. *See United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 925 n.11 (9th Cir. 2009) (explaining that law of the case, not issue preclusion, is appropriate because the decision with preclusive effect did not amount to the final adjudication of the rights of the parties); *see also Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) ("[T]he law of the case doctrine . . . appl[ies] in the social security context."). Under that doctrine, "a court is ordinarily precluded from reexamining an issue previously decided by the same

court." *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (quoting *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)).

Hammond did not appeal the district court's 2009 decision. As a result, that court's previous rejection of his arguments have preclusive effect under law of the case. We therefore affirm the district court's preclusion finding, on the alternative ground that law of the case prevents Hammond from challenging any ALJ finding the district court affirmed in 2009. *See Evans v. Chater*, 110 F.3d 1480, 1481 (9th Cir. 1997) ("We may affirm on any ground finding support in the record, even if the district court relied on the wrong grounds or wrong reasoning." (internal quotation marks omitted)).

We reject Hammond's contention that the law of the case doctrine should not apply because he was misled by the government. The Commissioner did not mislead Hammond into declining an appeal of the district court's 2009 decision. In its remand order, the Appeals Council made clear that the 2009 district court remand (1) was limited to resolving conflicting VE testimony, and (2) was issued pursuant to the fourth sentence of 42 U.S.C. § 405(g), which constitutes a "final, appealable judgment even though that judgment may be accompanied by a remand order." *Sullivan v. Finkelstein*, 496 U.S. 617, 629 (1990). Nothing in the Appeals

Council's order suggested that Hammond could not, or should not, appeal the district court's rejection of his other arguments.

We also reject Hammond's argument that law of the case should not apply here because the evidence presented to the ALJ in 2011 was "substantially different" from that before the 2007 ALJ. *Old Person*, 312 F.3d at 1039. The non-VE evidence before the ALJ in 2011 was identical to the evidence before the 2007 ALJ except for a statement given by physical therapist Richard DonTigny in 2010. The opinions DonTigny sets forth in that statement are cumulative of his other reports that were presented to the 2007 ALJ.

Finally, contrary to Hammond's contention, the Commissioner's regulations do not require the district court to reconsider its previous decisions. None of the regulations Hammond cites require—or even support—that result.

2. With respect to Hammond's arguments that were not previously addressed by the district court in 2009, the district court here did not err in granting summary judgment in the Commissioner's favor. We review the district court's decision de novo, and ask whether the ALJ's decision is supported by substantial evidence. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ properly gave little weight to DonTigny's 2010 statement because (1) that statement was given fifteen years after the relevant period, and (2)

DonTigny is not an acceptable medical source. We also reject Hammond's challenge to the hypotheticals given by the ALJ to the VE, because that argument is derivative of Hammond's previous challenges to the 2007 ALJ's residual functional capacity ("RFC") determination. Because law of the case bars Hammond from challenging that RFC determination, he cannot assert that the ALJ's use of the RFC in questioning the VE was error.

**AFFIRMED.**