NOT FOR PUBLICATION

FILED

JUL 02 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

LINCOLN TRANSPORTATION
SERVICES, INC.,

      Plaintiff-Appellee,

v.

CMA CGM AMERICA, LLC, a
Limited Liability Company; CMA
CGM, S.A., a foreign corporation,

      Defendants-Appellants.

No. 18-55194

D.C. No. 2:15-cv-09234-DDP-RAO

MEMORANDUM\*

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted June 11, 2019\*\*
Pasadena, California

Before: FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

CMA CGM (America) LLC and CMA CGM, S.A. (collectively, CMA)

---

\*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

appeal the district court's interlocutory order, which effectively disposed of the counterclaim against Lincoln Transportation Services, Inc. (Lincoln) for equipment detention charges.[1]  We affirm.

CMA's service contracts with its consignees/shippers provided that the latter would pay all detention charges incurred under "Carrier Store Door Delivery and carrier haulage conditions."  The contracts were filed under and controlled by the Shipping Act of 1984.[2]  As a result, CMA could not deviate from those terms because "[a] common carrier . . . may not . . . provide service in the liner trade that is . . . not in accordance with the rates, charges, classifications, rules, and practices contained in  . . . a service contract."  46 U.S.C. § 41104(2)(A) (2006); *see also Yang Ming Marine Transp. Corp. v. Okamoto Freighters Ltd.*, 259 F.3d 1086, 1093 (9th Cir. 2001).  However, as the district court pointed out, CMA did deviate when it attempted to require payment of those charges by Lincoln, a motor carrier that provided drayage services between CMA's facilities and those of the

---

[1]As CMA recognizes, the district court's order of January 18, 2018, eliminates CMA's counterclaim against Lincoln.  We have jurisdiction over this appeal.  *See* 28 U.S.C. § 1292(a)(3); *see also Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 528 (9th Cir. 2018); *Kesselring v. F/T Arctic Hero*, 30 F.3d 1123, 1125 (9th Cir. 1994); *All Alaskan Seafoods, Inc. v. M/V Sea Producer*, 882 F.2d 425, 427–28 (9th Cir. 1989).

[2]Pub. L. No. 98–237, § 5, 98 Stat. 67, 70–72.

consignees/shippers.  CMA made that attempt when it sought to apply the terms of a general contract between itself and Lincoln[3] for the purpose of shifting to Lincoln the detention-charge obligations of the consignees/shippers.  As the district court held, CMA could not legally do so.  And, of course, the federal courts will not condone illegal actions, pursuant to a contract or otherwise.  *See, e.g.*, *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 77, 102 S. Ct. 851, 856, 70 L. Ed. 2d 833 (1982); *Bassidji v. Goe*, 413 F.3d 928, 936 (9th Cir. 2005).  Thus, the district court correctly determined that the terms of the UIIA could not apply in this situation. We express no opinion on the applicability or legality of the UIIA in a situation where the service contracts with consignees/shippers differ from those at hand.

AFFIRMED.

---

[3]The Uniform Intermodal Interchange and Facilities Access Agreement (UIIA).