**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYA NOELIA FALLON, | No. 24-241 |
| *Plaintiff - Appellant*, | D.C. No. 2:22-cv-01877-JAT |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | OPINION |
| *Defendant - Appellee*. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted October 23, 2024[*]
Phoenix, Arizona

Filed April 24, 2025

Before: Milan D. Smith, Jr., Bridget S. Bade, and Danielle J. Forrest, Circuit Judges.

Opinion by Judge Forrest

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY**

## Social Security / Law of the Case

The panel affirmed the district court's decision affirming an Administrative Law Judge's denial of an application for Supplemental Security Income (SSI) under the Social Security Act, and refusing to reconsider some of the medical evidence following its initial remand to the agency for further proceedings.

In the first decision, the district court found that the ALJ properly discounted Dr. Drazkowski's and LPC Galler's opinions, but concluded that the ALJ erred in discounting the remaining witnesses and remanded for further consideration of the record. On remand, the ALJ again found claimant not disabled, incorporating by reference the prior ALJ's undisturbed evaluations, including Dr. Drazkowski's and LPC Galler's opinions. In the second decision, the district court scrutinized the ALJ's new findings, but refused under the law-of-case doctrine to revisit its prior conclusions about Dr. Drazkowski's and LPC Galler's opinions.

The panel rejected claimant's contention that law of the case did not apply because under the Social Security Act the district court's two decisions (before and after remand) were not issued in the same "case." The law-of-the-case doctrine applies in the social security context. Because the evaluation of Dr. Drazkowski's and LPC Galler's opinions was settled in the district court's first decision and was not part of the additional proceedings on remand, the panel affirmed the

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

district court's refusal to revisit its evaluation post-remand based on the law-of-the-case doctrine.

The panel explained that a social-security applicant who is granted a partial remand by the district court has two options to preserve her right to appeal that decision: (1) she may immediately appeal the remand order, but she must raise all available issues to avoid forfeiting further review; or (2) she may proceed on remand, understanding that the district court may later decline to revisit previously settled issues that were not the subject of the remand based on the law-of-the-case doctrine. That choice will not foreclose later review by this court of any district court determination, whether made before or after the remand.

The panel addressed other issues in a concurrently filed memorandum disposition.

## COUNSEL

Lisa Counters and Anna T. Schiffman, Schiffman Law Office PC, Phoenix, Arizona, for Plaintiff-Appellant.

Katherine B. Watson, Special Assistant United States Attorney; Franco L. Becia, Assistant Regional Counsel; Matthew W. Pile, Associate General Counsel; Office of Program Litigation, Office of the General Counsel, Social Security Administration, Baltimore, Maryland; Gary M. Restaino, United States Attorney, Office of the United States Attorney, United States Department of Justice, Phoenix, Arizona; for Defendant-Appellee.

## OPINION

FORREST, Circuit Judge:

Mya Noelia Fallon appeals the denial of her application for Supplemental Security Income (SSI) under the Social Security Act, arguing in part that the district court misapplied the law-of-the-case doctrine by refusing to reconsider some of the medical evidence following its initial remand to the agency for further proceedings.[1] Specifically, Fallon contends that law of the case does not apply because under the Social Security Act the district court's two decisions (before and after remand) were not issued in the same "case." Fallon misunderstands the law. We have previously held that the law-of-the-case doctrine applies in social-security cases. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Given the arguments advanced by Fallon, we take this opportunity to further explain the application of law of the case in this context.

## BACKGROUND

Fallon suffered from epileptic seizures throughout her childhood. When she was fifteen, doctors performed an anterior temporal lobectomy and removed her inferior frontal cortex, which significantly reduced the frequency of her seizures. Although Fallon's application for SSI is based in part on her seizures, it also focuses on—and this appeal revolves around—her ongoing cognitive and behavioral limitations.

---

[1] Fallon also appeals the district court's conclusions that substantial evidence supported the Administrative Law Judge's assessment of other medical and lay witnesses and its Step-Five findings. We address these issues in a concurrently filed memorandum disposition.

As part of Fallon's application, her neurologist, Dr. Joseph Drazkowski, assessed moderate-to-severe limitations in her cognitive functioning. He also found her physically limited. Licensed professional counselor (LPC) Terry Galler discussed Fallon's post-traumatic stress disorder and generalized anxiety disorder diagnoses, which contribute to her "significant cognitive and developmental impairments" and underdeveloped social skills. Fallon's application was also supported by other medical professionals, her family, and her own testimony.

An Administrative Law Judge (ALJ) found Fallon not disabled under the standard five-step evaluation. *See* 20 C.F.R. § 416.920. As relevant to this opinion, the ALJ assigned minimal weight to LPC Galler's opinion and parts of Dr. Drazkowski's opinion, and no weight to Dr. Drazkowski's opinion about Fallon's residual functional capacity. The ALJ also discredited other medical and lay testimony to various degrees.

Fallon appealed, and the district court reversed in part and remanded. The district court found that the ALJ properly discounted Dr. Drazkowski's and LPC Galler's opinions. But it concluded that the ALJ erred in discounting the remaining witnesses and remanded for further consideration of the record. Fallon appealed to this court only the remedy ordered by the district court on remand, arguing that the remand should have been for an award of benefits rather than for further proceedings. We affirmed, and the case was remanded to the agency. *See Fallon v. Kijakazi*, No. 20-16884, 2021 WL 5906143 (9th Cir. Dec. 14, 2021) (unpublished).

On remand, an ALJ again found Fallon not disabled. The ALJ conducted the inquiries mandated by the district court's

order and incorporated by reference the prior ALJ's undisturbed evaluations, including of Dr. Drazkowski's and LPC Galler's opinions. Fallon again appealed, and this time the district court affirmed. While the district court scrutinized the ALJ's new findings, it refused, under the law-of-the-case doctrine, to revisit its prior conclusions about Dr. Drazkowski's and LPC Galler's opinions. Fallon appealed, arguing the district court's refusal to reconsider this medical evidence was error. We have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

We review a district court's decision to apply law of the case for abuse of discretion. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Because 42 U.S.C. § 405(g) "directs the entry of a final, appealable judgment even though that judgment may be accompanied by a remand order," *Sullivan v. Finkelstein*, 496 U.S. 617, 629 (1990), Fallon contends that the law-of-the-case doctrine does not apply. In her view, this is true because the district court's post-remand decision affirming the ALJ was not rendered in the same "case" as its earlier decision remanding for further administrative proceedings. This is contrary to our precedent establishing that "the law of the case doctrine . . . appl[ies] in the social security context." *Stacy*, 825 F.3d at 567. And rightfully so. That doctrine "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 816 (1988) (internal quotation omitted). Those values are equally promoted in social-security cases, notwithstanding formalistic notions of whether the same "case" returns to the district court following remand. Accordingly, the district court did not

abuse its discretion by declining to revisit its evaluation of Dr. Drazkowski's and LPC Galler's opinions.

But that is not the end of the matter. Fallon worries that our approval of the district court's approach will create inefficiencies, forcing social-security applicants to immediately appeal partial remands to preserve appellate review of any unfavorable aspects of such decisions. *Cf. Forney v. Apfel*, 524 U.S. 266, 267 (1998) (allowing social-security applicants to appeal a district court's remand order). This concern is unwarranted. "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided *by that same court or a higher court* in the same case." *Stacy*, 825 F.3d at 567 (emphasis added). A social-security applicant who prefers to proceed on remand rather than immediately appealing a decision she does not agree with may do so, and if there is a subsequent appeal following remand, the district court may appropriately decline to revisit its undisturbed pre-remand holdings. But when the case reaches this court, we are not bound by the law of the case if the case has not previously been before us.[2] In this context, we may review all the district court's holdings, whether from before or after the remand.

Of course, here Fallon did immediately appeal the district court's remand order, but contested only the district court's decision to remand for further proceedings rather than for an award of benefits. In that first appeal, she also

---

[2] To the extent our unpublished disposition in *Hammond v. Berryhill*, 688 F. App'x 486, 488 (9th Cir. 2017), creates confusion by suggesting that the failure to appeal a district court's partial remand gives that decision "preclusive effect under law of the case," that understanding is only partially accurate. In this context, preclusive effect applies to the district court, but not to this court.

could have challenged the district court's evaluation of Dr. Drazkowski's and LPC Galler's opinions. By not doing so, she forfeited her ability to raise those arguments in this second appeal to this court. *See Kesselring v. F/T Arctic Hero*, 95 F.3d 23, 24 (9th Cir. 1996) (per curiam) ("Since [the] appellant failed to raise [an] issue in its first appeal, it is waived."). Thus, Fallon's inability to challenge the district court's evaluation of Dr. Drazkowski's and LPC Galler's opinions is not due to the law-of-the-case doctrine, but her failure to raise that issue in this court at her first opportunity to do so.

## CONCLUSION

In sum, a social-security applicant who is granted a partial remand by the district court has two options to preserve her right to appeal that decision. She may immediately appeal the remand order, *Forney*, 524 U.S at 267, but she must raise all available issues to avoid forfeiting further review, *Kesselring*, 95 F.3d at 24. Alternatively, she may proceed on remand, understanding that the district court may later decline to revisit previously settled issues that were not the subject of the remand based on the law-of-the-case doctrine. *Stacy*, 825 F.3d at 567. That choice will not foreclose later review by this court of any district court determination, whether made before or after the remand.

Because the evaluation of Dr. Drazkowski's and LPC Galler's opinions was settled in the district court's first decision and was not part of the additional proceedings on remand, the district court's refusal to revisit its evaluation post-remand based on the law-of-the-case doctrine is **AFFIRMED**.